# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 0902011882, |
| | ) | 0906004179 |
| MUHAMMAD TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: May 4, 2020
Date Decided: May 13, 2020

## ORDER

Upon consideration of Defendant's Motion for Sentence Modification ("Motion"), the State's Response thereto, Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. Defendant pled guilty to Burglary Second Degree, Possession With Intent To Deliver ("PWITD"), Theft of a Firearm, and Theft.[1] By Order dated December 2, 2011,[2] effective June 2, 2011, Defendant was sentenced as follows: for Burglary Second Degree, 11 years at Level V with credit for 25 days previously served;[3] for PWITD, 4 years at Level V, suspended after 2 years, for 9 months at Level IV Work Release, hold at supervision Level V until space is available at supervision Level IV, followed by 15 months at supervision Level III; for Theft of

---

[1] ID No. 0902011882, D.I. 13; ID No. 0906004179, D.I. 42.
[2] ID No. 0902011882, D.I. 14; ID No. 0906004179, D.I. 47.
[3] Defendant was declared a Habitual Offender and sentenced pursuant to 11 *Del. C.* 4214(a) on this charge.

a Firearm, 2 years at Level V, suspended for 1 years at supervision Level III; and for Theft, 2 years at Level V, suspended for 1 year at supervision Level III.[4]

2.      On April 23, 2020, Defendant filed the instant Motion, asking the Court to reduce the remaining Level V time on his sentence to "time served" so that he can begin his Level IV sentence, and/or to substitute Level IV Home Confinement or Level III supervision in place of the 9-month Level IV Work Release portion of his sentence and modify his hold level from Level V to Level III.[5]   In the alternative, Defendant asks the Court to reduce the length of his Level IV Work Release sentence from 9 months to 6 months.[6]  The basis of Defendant's request is that the Department of Correction ("DOC") is unable to implement the work release aspect of Defendant's current placement due to procedural safeguards in place to protect staff and inmates from the spread of the COVID-19 virus, and as a result, Defendant is unable to leave the Level IV facility for employment.[7]

3.      In response to the Motion, the State does not oppose Defendant's request "to substitute Level IV Home Confinement" in place of the 9-month Level IV Work Release portion of his sentence.[8]   However, the State does oppose

---

[4] Probation is concurrent.
[5] ID No. 0902011882, D.I. 25; ID No. 0906004179, D.I. 60.
[6] *Id.*
[7] *Id.*
[8] ID No. 0902011882, D.I. 24; ID No. 0906004179, D.I. 59.

Defendant's request to reduce the Level V time on his sentence to "time served," and his requests to reduce his Level IV time to 6 months and modify his hold level.[9]

4. Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[10] However, "[t]he Court may . . . reduce the . . . the term or conditions of partial confinement or probation, at any time."[11]

5. With regard to Defendant's request to reduce his Level V time, this request was filed well beyond the 90-day limit, and is therefore time-barred. The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[12] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that

---

[9] *Id.*

[10] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[11] Super. Ct. Crim. R. 35(b).

[12] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

3

"specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[13]

6.     Defendant has failed to establish extraordinary circumstances and the DOC has not submitted an application pursuant to 11 *Del. C.* § 4217.  Therefore, Defendant's request to reduce his Level V time to "time served" is **DENIED**.

7.     Defendant's request to modify the Level IV portion of his sentence is not time-barred, and therefore, the Court will consider it.  Due to the procedural safeguards the DOC has implemented in response to COVID-19, Defendant is unable to participate in Work Release, and the State does not oppose his request to change his Level IV sentence from Work Release to Home Confinement.  Therefore, Defendant's request to substitute Level IV Home Confinement in place of Level IV Work Release is **GRANTED**.

8.     The Court finds all remaining terms and conditions of Defendant's sentence are appropriate for all the reasons stated at the time of sentencing. Therefore, Defendant's requests to reduce the Level IV portion of his sentence from 9 months to 6 months and modify his hold level are **DENIED**.

---

[13] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Modification is **GRANTED IN PART and DENIED IN PART**.

*Jan R. Jurden*

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Michael W. Modica, Esq.
       Cynthia Hurlock, DAG